ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

PATRICIA M. NAPIER          3735-0
   pnapier@goodsill.com
STACY Y. MA                 10537-0
   sma@goodsill.com
First Hawaiian Center, Suite 1600
999 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 547-5600
Facsimile:  (808) 547-5880

Attorneys for Defendant
HAWAII PARK HOLDINGS, LLC
dba WET 'N WILD HAWAII

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARY CATHERINE BOWERY,<br><br>         Plaintiff,<br><br>  vs.<br><br>HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII; DOE MANUFACTURERS 1-10; DOE INSTALLERS 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>         Defendants. | CV _____<br><br>DEFENDANT HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII'S NOTICE OF REMOVAL; EXHIBITS "A" – "B"; DECLARATION OF SUSAN HUGHES; CERTIFICATE OF SERVICE |

6120057.3

## DEFENDANT HAWAII PARK HOLDINGS, LLC DBA WET 'N WILD HAWAII'S NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF HAWAI'I

Defendant HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII ("Defendant Hawaii Park Holdings") hereby submits this Notice of Removal ("Notice"), petitioning the United States District Court for the District of Hawai'i for removal of the above-captioned action, Civil No. 16-1-1753-09 JHC, from the Circuit Court of the First Circuit, State of Hawai'i, pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship), 1441 and 1446, and submits a short and plain statement of the grounds for removal, as follows:

**A.       Introduction**

1. On September 16, 2016, Plaintiff MARY CATHERINE BOWERY ("Plaintiff") filed a Complaint in the Circuit Court of the First Circuit, State of Hawai'i (Civil No. 16-1-1753-09 JHC), against Defendant Hawaii Park Holdings, alleging personal injuries resulting from an incident on December 20, 2014 at the Wet 'N Wild Hawaii located at 400 Farrington Highway, Kapolei, Hawai'i, 96707.  Attached hereto as Exhibit "A" is a true and correct copy of the Complaint.

2. Plaintiff alleges that as she was riding the Waianae Coaster

water slide, the tube in which she was riding "flipped over." She further alleges that her head "slammed into the slide and the bottom of the splash pool, and her neck was twisted." Plaintiff claims to have "briefly lost consciousness." Complaint at ¶¶ 18, 20, 21, 22. Plaintiff alleges she is "suffering and continuing to suffer serious and permanent injuries, including but not limited to: head injury, headaches and cognitive dysfunction, and cervical and lumbar injuries" and "suffered and continues to suffer severe emotional distress and mental anguish and loss of enjoyment of life." Complaint at ¶¶ 39, 41.

**B.**     **Diversity of Citizenship**

3. Based upon information and belief, Plaintiff is a resident of Tennessee within the meaning of 28 U.S.C. § 1332(a)(1). *See* Complaint at ¶ 1 ("At all times relevant herein, [Plaintiff] was and is a resident of the Jefferson City, Tennessee....").

4. Defendant Hawaii Park Holdings is a foreign limited liability company ("LLC"). Its only member is Kieran Burke, whose place of residence or domicile is in New York. Defendant Hawaii Park Holdings is therefore deemed a citizen of New York for purposes of 28 U.S.C. § 1332(a)(1). *See Michaels v. Longs Drug Stores Cal., LLC*, No. 14-00396 ACK-KSC, 2014 U.S. Dist. LEXIS 154844, at *5 (D. Haw. Oct. 8, 2014) ("LLCs are citizens 'of every state of which its owners/members are citizens.'") (quoting *Johnson v. Columbia Props.*

*Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006)).

      5.    All other defendants are fictitiously named: DOE MANUFACTURERS 1-10; DOE INSTALLERS 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10 ("Doe Defendants").  The citizenship of Doe Defendants shall be disregarded in determining whether an action is removable under 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1441(b)(1).

C.    **The Amount in Controversy is Satisfied**

      6.    Based on the allegations in the Complaint, it is facially apparent that the alleged amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  This Court "may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy" or "may consider facts in the removal petition."  *Singer v. State Farm Mut. Aut. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (citations omitted).  Specifically, the Complaint alleges that Plaintiff's head was "slammed into the slide and the bottom of the splash pool, and her neck was twisted" and she "briefly lost consciousness." Complaint at ¶¶ 18, 20, 21, 22.  Plaintiff alleges she is "suffering and continuing to suffer serious and permanent injuries, including but not limited to: head injury, headaches and cognitive dysfunction and cervical and lumbar injuries" and "suffered and continues to suffer severe emotional distress and mental anguish and

loss of enjoyment of life." Complaint at ¶¶ 39, 41. Plaintiff further asserts that she "incurred and continues to incur medical and therapeutic expenses." Complaint at ¶ 40. As a result, Plaintiff seeks special, general and punitive damages, pre-judgment interest and attorneys' fees and costs. (Prayer for Relief at pp. 7-8.)

7. Accordingly, this Court has original jurisdiction of this action under 28 U.S.C. § 1332(a), and this action is one which may be removed to this Court by Defendant Hawaii Park Holdings pursuant to the provisions of 28 U.S.C. § 1441(a) and 1446, respectively, given that the action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

**D.**     **Process and Pleadings**

8. Defendant Hawaii Park Holdings' agent was served with the Complaint on November 7, 2016. Attached hereto as Exhibit "B" is a true and correct copy of the Service of Process Summary Transmittal Form.

9. Accordingly, this Notice is timely filed within thirty (30) days of receipt of a "motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3).

10. This Notice is also timely filed within one year of the

commencement of the action.  *See* 28 U.S.C. § 1446(c)(1).

11. The United States District Court for the District of Hawaiʻi "embrace[es] the place where [the state court] action is now pending," and therefore is the proper District Court to which this case should be removed pursuant to 28 U.S.C. § 1441(a).

12. By removing this action, Defendant Hawaii Park Holdings does not waive any defenses available to it.

13. By removing this action, Defendant Hawaii Park Holdings does not admit any of the allegations in Plaintiffs' Complaint.

14. This short and plain statement of the grounds for removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant Hawaii Park Holdings prays that the above-entitled action be removed from the Circuit Court of the First Circuit, State of Hawaiʻi, to the United States District Court for the District of Hawaiʻi, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

DATED: Honolulu, Hawaii, November 23, 2016.

/s/ Stacy Y. Ma
PATRICIA M. NAPIER
STACY Y. MA

Attorneys for Defendant
HAWAII PARK HOLDINGS, LLC
dba WET 'N WILD HAWAII