FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2016 SEP 16 PM 1:41

F. OTAKE
CLERK

WOODRUFF K. SOLDNER         4023-0
MICHAEL R. CRUISE           7334-0
R. AARON CREPS              8142-0
LEAVITT, YAMANE & SOLDNER
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 1740
Honolulu, Hawaii 96813
Telephone: (808) 521-7474
Facsimile: (808) 521-7749

Attorneys for Plaintiff
MARY CATHERINE BOWERY

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MARY CATHERINE BOWERY,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII; DOE MANUFACTURERS 1-10; DOE INSTALLERS 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 16-1-1753-09 JHC<br>(Other Non-Vehicle Tort)<br><br>COMPLAINT; DEMAND FOR JURY TRIAL; SUMMONS |

## COMPLAINT

Plaintiff MARY CATHERINE BOWERY, by and through her attorneys, Leavitt, Yamane and Soldner, and for causes of action against Defendants above-named, alleges and avers as follows:

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit

EXHIBIT A

## PARTIES

1. At all times relevant herein, Plaintiff MARY CATHERINE BOWERY ("Plaintiff" or "Ms. Bowery") was and is a resident of Jefferson City, Tennessee and subject to the jurisdiction of this Court.

2. At all times relevant herein, Defendant Hawaii Park Holdings, LLC dba Wet 'N Wild Hawaii ("Defendant Park") was and is a limited liability company organized and existing under the laws of the State of Delaware, engaged in business of owning and operating water and amusement parks, including the water park known as "Wet 'n Wild Hawaii".

3. DOE MANUFACTURERS 1-10, DOE INSTALLERS 1-10, JOHN DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 and DOE ENTITIES 1-10 (collectively "DOE Defendants) are sued herein under fictitious names for the reason that their true names and identities are unknown to Plaintiff, except that they are connected in some manner with Defendant and are agents, servants, employees, employers, representatives, co venturers, associates or independent contractors of Defendant and/or were in some manner presently unknown to Plaintiff engaged in the activities alleged herein and/or were in some manner responsible for the injuries or damages to Plaintiff and that their "true names, identities, capacities, activities and/or responsibilities" are presently unknown to Plaintiff or their attorneys.

## JURISDICTION AND VENUE

4. The Court has personal jurisdiction over the above-named Defendants pursuant to Haw. Rev. Stat. §634-35, as the subject tortious acts and injuries occurred in this Circuit, and Defendants either reside or have conducted business in this Circuit so as to subject themselves to the jurisdiction of the Court.

5. The Court has subject matter jurisdiction over the present action pursuant to Haw. Rev. Stat. §603-21.5.

6. Venue is proper in the Court pursuant to Haw. Rev. Stat. §634-36.

## COUNT I
## (NEGLIGENCE)

7. On or about April 17, 2014, Hawaii Park Holdings, LLC owned and operated the Wet 'N Wild Hawaii, located at 400 Farrington Highway, Kapolei, Hawaii (the "Water Park").

8. The Water Park contains various entertainment features and rides, including water slides such as the "Waianae Coaster".

9. Defendant Park or its predecessor manufactured the Waianae Coaster slide and its components, directly or through contractors hired by it.

10. Defendant Park or its predecessor installed the Waianae Coaster at the Water Park and constructed the splash pool at the end of the Waianae Coaster slide, directly or through contractors hired by it.

11. Defendant Park or its predecessor, directly and/or through contractors hired by it, had an obligation to design, manufacture and install the Waianae Coaster in a reasonably safe condition.

12. Defendant Park and its predecessor maintained and operated the Waianae Coaster during and around daily operations of the Water Park.

13. Defendant Park must maintain and operate the Waianae Coaster in a reasonably safe fashion and condition, so as not to expose people to unreasonable risk of harm.

14. Defendant Park must hire, train and supervise its employees to maintain and operate the Waianae Coaster in a reasonably safe fashion and condition.

15. The Waianae Coaster is a water slide Defendant Park classifies as a moderate level ride at the Water Park.

16. The Waianae Coaster is intended and advertised to provide Defendant Park's customers with a fun experience that does not result in physical injury.

17. On December 20, 2014, Plaintiff was a customer of Defendant Park at the Water Park.

18. That morning, Ms. Bowery rode the Waianae Coaster in a tube, accompanied by her friend, Jarett Tucker.

19. In riding the Waianae Coaster, Ms. Bowery and Mr. Tucker followed all written and verbal instructions provided by Defendant Park and its employees.

20. In the course of descending the Waianae Coaster slide, the tube in which Ms. Bowery and Mr. Tucker were riding flipped over.

21. As a result of the tube flipping over in the Waianae Coaster, Ms. Bowery's head slammed into the slide and the bottom of the splash pool, and her neck was twisted.

22. Ms. Bowery briefly lost consciousness from the trauma of being flipped from the tube on the Waianae Coaster.

23. The force of the water pressure caused Ms. Bowery's raft to slam into the wall of the slide and flip over.

24. The tube flipped and ejected Ms. Bowery as a result of Defendant Park's negligent design, manufacture, installation, maintenance and/or operation of the Waianae Coaster.

25. Defendant Park chose to not implement and/or failed to implement adequate safety programs to make sure that its employees would not look after its customers and/or operate the Waianae Coaster in the careless and reckless manner described herein above.

26. The negligence of Defendant Park as set forth herein was a substantial factor in causing Plaintiff's damages as alleged herein.

27. Defendant Park engages in the business of operating, for its own profit, the water amusement park.

28. As a further direct and proximate result of the above-described negligent acts and/or omissions of Defendant Park, Ms. Bowery suffered and continues to suffer extreme pain, severe emotional distress and mental anguish, and loss of enjoyment of life.

## COUNT II
### (STRICT PRODUCTS LIABILITY/BREACH OF WARRANTY)

29. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

30. At all times relevant herein, Defendant Park maintained and operated the Waianae Coaster for its customers.

31. At all times relevant herein, the Waianae Coaster, and its component parts, including but not limited to tubes, slide parts, water conveyance parts, and splash pool were defective in its design, manufacture, and warnings causing the Waianae Coaster, tubes and its component parts to be in a dangerous and defective condition and failed to perform as safely as an ordinary user or consumer of the Waianae Coaster would expect when used in an intended or reasonably foreseeable manner, including reasonable foreseeable misuse.

32. Defendant Park owed a duty of care to Ms. Bowery to provide the Waianae Coaster, and its component parts, including but not limited to tubes, slide parts, water

conveyance parts, and splash pool free from defects and fit for its intended and ordinary purposes.

33. Defendant Park breached its duty to provide a non-defective product for Ms. Bowery's use in that the benefits of the design do not outweigh the danger inherent in the design.

34. The danger presented by the Waianae Coaster as that design manifested in this case could not be readily recognizable by an ordinary user like Ms. Bowery.

35. Defendant Park breached this duty to Ms. Bowery by failing to provide the Waianae Coaster, and its component parts, including but not limited to tubes, slide parts, water conveyance parts, and splash pool, free from defects and fit for its intended and ordinary purposes.

36. Ms. Bowery rode the Waianae Coaster, and its component parts, including but not limited to tubes, slide parts, water conveyance parts, and splash pool, in the manner that was intended ordinary and expected by Defendant Park.

37. As a direct and proximate result of the defective and dangerous condition of the Waianae Coaster, and its component parts, including but not limited to tubes, slide parts, water conveyance parts, and splash pool, described above, Ms. Bowery suffered severe and permanent injuries as stated herein.

## COUNT III
## (DAMAGES)

38. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

39. The actions and/or inaction and/or negligence of the Defendant Park, as set forth hereinabove, was a substantial factor in Plaintiff's suffering and continuing to suffer serious and

permanent injuries, including but not limited to: head injury, headaches and cognitive dysfunction, and cervical and lumbar injuries.

40. As a result of the negligence of the Defendant Park, Plaintiff has incurred and continues to incur medical and therapeutic expenses. Plaintiff seeks leave to amend the Complaint at the time of trial to include such additional amounts as may be appropriate.

41. Plaintiff suffered and continues to suffer severe emotional distress and mental anguish and loss of enjoyment of life.

## COUNT IV
### (PUNITIVE DAMAGES)

42. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein.

43. The conduct of Defendant Park was a substantial factor and legal cause of the injuries and damages sustained by Plaintiff.

44. Defendant Park willfully and/or wantonly and/or with conscious disregard of the consequences, operated the slide in a dangerous, careless, reckless and unsafe manner, failed to exercise due care and keep a proper lookout of the slide's water pressure.

45. As a result of said conduct, Plaintiff is entitled to an award of punitive damages.

## COUNT V
### (DOE Defendants)

46. Plaintiff restates and incorporates the preceding paragraphs as though fully set forth herein as to the DOE Defendants.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Special damages in an amount to be shown at the time of trial;

B. General damages in an amount to be shown at the time of trial and in excess of the minimal jurisdictional amount of this Court;

7

C.  Prejudgment interest at the statutory rate from December 20, 2014 until judgment is entered;

D.  Punitive damages;

E.  Attorneys' fees and costs of suit; and

F.  Such other and further relief as the Court deem just and equitable in the premises.

DATED: Honolulu, Hawaii, _____SEP 1 6 2016_____.

WOODRUFF K. SOLDNER
MICHAEL R. CRUISE
R. AARON CREPS
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| MARY CATHERINE BOWERY,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII; DOE MANUFACTURERS 1-10; DOE INSTALLERS 1-10; JOHN DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10,<br><br>Defendants. | Civil No. 16-1-1753-09 JHC<br>(Other Non-Vehicle Tort)<br><br>DEMAND FOR JURY TRIAL |

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, LEAVITT, YAMANE & SOLDNER, hereby demand trial by jury on all issues triable herein.

DATED: Honolulu, Hawaii, SEP 1 6 2016

WOODRUFF K. SOLDNER
MICHAEL R. CRUISE
R. AARON CREPS
Attorneys for Plaintiff

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>16-1-1753-09 HC |
|---|---|---|
| **PLAINTIFF,**<br>MARY CATHERINE BOWERY | VS. | **DEFENDANT.**<br>HAWAII PARK HOLDINGS, LLC dba WET 'N WILD HAWAII; DOE MANUFACTURERS 1-10; DOE INSTALLERS 1-10; JOHN DOES 1 10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; and DOE ENTITIES 1-10, |
| **PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)**<br>WOODRUFF K. SOLDNER 4023-0<br>MICHAEL R. CRUISE 7334-0<br>R. AARON CREPS 8142-0<br>737 Bishop Street, Suite 1740<br>Honolulu, Hawaii 96813<br>Telephone: (808) 521-7474 | | |

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon Woodruff K. Soldner, Michael R. Cruise and R. Aaron Creps of Leavitt Yamane & Soldner, plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED<br>SEP 16 2016 | CLERK<br>F. OTAKE | SEAL | |
|---|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)　　　　　　　　　　　　　　　　　　　　　　　　SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787